UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVIE CALDWELL </br> Plaintiff, | ] </br> ] </br> ] | No. 3 10 0288 |
| v. | ] | (No. 3:10-mc-0019) |
| | ] | Judge Echols |
| LESTER "BOSS" CUNNINGHAM </br> Defendant. | ] </br> ] | |

O R D E R

The Court has before it a *pro se* prisoner Affidavit of Complaint (Docket Entry No. 1) and an application to proceed in forma pauperis (Docket Entry No. 5).

It appears from the application that the plaintiff lacks sufficient financial resources from which to pay the $350.00 filing fee. Accordingly, plaintiff's application to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

The plaintiff is herewith ASSESSED the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

The plaintiff alleges that the defendant was an accomplice to first degree murder. He moves the Court for a warrant to issue for the defendant's arrest on that charge.

Before a lawsuit can proceed, the plaintiff must show that his claims fall within the scope of this Court's subject matter jurisdiction. <u>Perkins, Inc. v. Werner and Pfleiderer Corp.</u>, 710 F.2d 1561, 1565 (D.C. Cir.1983). This Court has jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship. 28 U.S.C. § 1332.

It is not apparent that this Court has jurisdiction or the authority to consider the relief requested by the Plaintiff. First, except for special circumstances, murder is generally a state law crime, not a federal crime. Second, the executive branch of government, through the United States Attorney's Office, prosecutes cases against persons accused of a crime either after presenting evidence to a grand jury and obtaining an indictment or

2

by issuing a criminal information which contains the charges against a defendant. This Court has no part in that process. If an individual wishes to sue the federal government, he/she may do so in a civil proceeding, assuming there is a federal statute or constitutional provision authorizing such action. However, an individual does not have a federally protected right to bring a criminal complaint against another individual. Leeke v. Timmerman, 454 U.S. 83 (1981); Linda R.S. v. Richard D., 410 U.S. 614 (1973). A plaintiff must prove federal jurisdiction before the Court can consider the allegations in the complaint, and he has filed to do so.

A district court is obliged to consider matters of jurisdiction, sua sponte if necessary. Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). Here, the plaintiff has failed to show that his claim falls within the scope of this Court's jurisdiction. Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction.

The Clerk is directed to send a copy of this Order to the Warden of the Southeastern Tennessee State Regional Correctional Facility to ensure that the custodian of plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Robert L. Echols
United States District Judge